# FIORE *v.* LADD.
[46 Pac. 144.]

1. PREMATURE ACTION — WAIVER — ABATEMENT.— The objection that a suit or action is prematurely brought is mere matter of abatement, and must be taken advantage of by demurrer or special plea; otherwise it will be deemed waived.[*]

2. AMENDMENT OF VERDICT — CODE, § 217.— Under Hill's Code, § 217, which provides that when the verdict is for plaintiff in an action to recover money "the jury shall also assess the amount of the recovery," a verdict returned by a jury which expresses their intention in regard to the amount recovered cannot be amended by the court by changing the amount after the jury has been discharged.

[*]See also *Elder* v. *Rourke*, 27 Or. 363, where the same ruling was made.— REPORTER.

From Multnomah: E. D. SHATTUCK, Judge.

This action was commenced on the eighth day of May, eighteen hundred and ninety-one, by Saverio Fiore against W. S. Ladd and W. M. Ladd, bankers, doing business as Ladd and Tilton for the recovery of the sum of eight hundred dollars. The complaint avers, in substance, that on the thirteenth of April, eighteen hundred and ninety-one, plaintiff deposited with defendants eight hundred dollars; that they thereupon issued to him a certificate of deposit therefor payable in three months on return of the certificate; that on the same day defendants wrongfully obtained possession of said certificate, and wrongfully paid and canceled the same; that plaintiff was the owner thereof at the time, and never indorsed it or received payment therefor; that on April twentieth he demanded of defendants the said sum of eight hundred dollars, but they refused and still refused to pay or deliver the same or any part thereof, and that there is due and owing to the plaintiff from the defendants the sum of eight hundred dollars, with interest from the twentieth of April, eighteen hundred and ninety-one, at eight per cent. per annum, for which judgment is demanded. The answer denies the material allegations of the complaint, except the receipt of the money and plaintiff's demand therefor, and sets up, as a further and separate defense, matter which goes to the merits, but which for the purposes of this appeal need not be stated here.

The judgment now appealed from is the third

29 OR.—33.

rendered in this cause. The first was reversed on defendants' appeal, and a new trial ordered: 22 Or. 202 (29 Pac. 435). The second was in favor of defendants. At the time of the entry of judgment on that trial the death of W. S. Ladd was suggested by the surviving defendant, and on his motion W. M. Ladd, Charles E. Ladd, and J. Wesley Ladd were substituted as defendants in place of W. S. Ladd and W. M. Ladd, partners as Ladd and Tilton, and the action afterwards proceeded against them. Subsequently the plaintiff appealed, and, the judgment being reversed, a new trial was again ordered: 25 Or. 423 (36 Pac. 572). Upon such trial, in July, eighteen hundred and ninety-five, the jury rendered a verdict as follows, omitting title and signature: "We, the jury in the above action, find for plaintiff, and assess his damages in the sum of $1,070.00 eight hundred ($800) dollars."

The defendants filed a motion for a new trial, which being overruled, they moved for judgment notwithstanding the verdict, on the ground that the complaint does not state facts sufficient to constitute a cause of action. This motion was likewise overruled, and on motion of the plaintiff the verdict was amended so as to include interest from the twentieth of April, eighteen hundred and ninety-one, and judgment rendered accordingly against W. M. Ladd, Charles E. Ladd and John W. Ladd, substituted as defendants in place of W. S. Ladd and William M. Ladd as Ladd and Tilton. From the judgment thus rendered this appeal is taken.

Modified.

For appellants there was a brief by *Messrs. Williams, Wood and Linthicum*, with oral arguments by *Messrs. George H. Williams* and *Stewart B. Linthicum*.

For respondent there was a brief by *Messrs. Watson, Beekman and Watson*, and *U. S. Grant Marquam*, with an oral argument by *Mr. Edward B. Watson*.

Opinion by MR. JUSTICE BEAN.

1. It is first contended that the court erred in overruling the defendants' motion for judgment notwithstanding the verdict, and in entering judgment in favor of plaintiff, for the reason that the complaint on its face shows that the action was commenced prior to the maturity of the certificate of deposit referred to and set out in the complaint. Although this cause has been three times tried before as many juries, and has been to this court twice before on appeal, the objection that it was prematurely brought was never raised or suggested in any way until after the verdict above referred to was rendered. It therefore, in our opinion, comes too late. The objection that an action is prematurely brought is mere matter of abatement, and should be taken by demurrer if it so appears upon the face of the complaint, otherwise by answer before pleading to the merits, or it is waived: 1 Ency. of Pleading and Practice, 22, 32; *Carter* v. *Turner*, 2 Head, 52; *Moore* v. *Sargent*, 112 Ind. 484 (14 N. E. 466); *Midland Railway Company* v. *Stevenson*,

6 Ind. App. 207 (33 N. E. 254); *Collette* v. *Weed,* 68 Wis. 428 (32 N. W. 753).

2.   It is next contended that the court erred in amending the verdict of the jury by adding interest from the twentieth of April, eighteen hundred and ninety-one.   The answer does not deny that the eight hundred dollars in question was deposited with the defendants, or that plaintiff demanded its return on the twentieth of April, eighteen hundred and ninety-one, but puts in issue only its ownership, so that under the pleading plaintiff was entitled to recover, if at all, the entire sum and interest from the date of the demand.   The court could therefore have properly instructed the jury to that effect, or refused to receive a verdict less favorable to the plaintiff; but it did neither, and the jury assessed the amount of plaintiff's damages at the sum of eight hundred dollars, and expressly refused to allow interest, as is evident from the verdict itself. The form of verdict as prepared and submitted to the jury was for one thousand and seventy dollars, the principal sum and interest, but the jury deliberately erased that amount, and of their own motion placed the sum at eight hundred dollars, and rendered their verdict accordingly.   This verdict was received and filed without objection, and the jury discharged.   It was therefore beyond the power of the court to add to or take from the amount as found by them.   It is perhaps within the power of the court to amend a verdict so as to make it conform to the real intention of the jury, but certainly

a judge cannot, in the exercise of such power, usurp the functions of a jury, or substitute his verdict or judgment for theirs. Our statute provides that when a verdict is found for the plaintiff in an action to recover money "the jury shall also assess the amount of the recovery": Hill's Code, § 217. Under this section it is not only the province but the duty of a jury to find the amount of the recovery, as well as plaintiff's right to recover, and the findings upon both questions, after the verdict is received and the jury discharged, are binding upon the court, unless the verdict is set aside in some manner provided by law. When, therefore, a verdict has been returned by a jury which expresses their intention, and they have been discharged, the court is powerless to amend it, however erroneous it may be. It must either enter a judgment thereon, or set it aside and grant a new trial: 2 Thompson on Trials, § 2642; 2 Elliott's General Practice, § 947; *Watson* v. *Damon*, 54 Cal. 278; *Mitchell* v. *Geisendorff*, 44 Ind. 358; *Educational Association* v. *Hitchcock*, 4 Kan. 36; *Thompson* v. *Shea*, 4 McCrary, 93 (11 Fed. 847); *Hellum* v. *Dickinson*, 47 Ark. 120 (14 S. W. 477); *Parker* v. *Railway Company*, 93 Mich. 607 (53 N. W. 83); *Buck* v. *Little*, 24 Miss. 463. This case affords an illustration of the importance of such a rule. The jury were able to agree on a verdict for eight hundred dollars, probably as a compromise, but it is manifest that they were unwilling to render one which included interest, but by the act of the court in amending the verdict this purpose and intention of the jury

has been wholly disregarded, and they have been made unwillingly to agree to a verdict which they in the first instance expressly refused to assent to. What the result of the trial would have been had the court instructed the jury that they must allow interest in case they found in favor of plaintiff no one can tell, and therefore the verdict as rendered is practically the act of the court.

It is next contended that the court erred in overruling defendants' motion to strike out the testimony of the witness Ferrara concerning a conversation he had with some person at the desk of the defendants' receiving teller about the deposit of the money in question, shortly after its payment to Antone, on the ground that the testimony was incompetent and immaterial, because the statements were not shown to have been made by Bates, the person with whom the transaction was had. This is the only objection to the admission of such testimony made in the court below or presented to this court, and the only one considered. In our opinion it is not well taken. The evidence shows that after the money had been paid to Antone the witness went to the bank, at the request of plaintiff, to see about the matter; that he had a talk with W. M. Ladd, one of the defendants, who said he knew nothing about it, but referred witness to the receiving teller for the particulars; that he went to the receiving teller's window, and had the conversation in question with some person at the desk of that officer, who assumed to be the teller of the bank, and to know all about the transaction, and who related his

version of it to the witness. Whether this person was the teller with whom the business referred to was transacted, if material at all, was a question for the jury, and the evidence was competent for whatever they might consider it worth, although the witness could not positively identify the person with whom he had the conversation as the teller of the bank who received the money and issued the certificate of deposit.

The other assignment of error have been carefully examined and we have been unable to discover anything therein which would justify a reversal of the judgment. The judgment will therefor be modified by eliminating therefrom the words "from April twentieth, eighteen hundred and ninety-one," so that the judgment for eight hundred dollars shall bear interest only from the date of its rendition, and as thus modified the judgment is affirmed, neither party to recover costs in this court on the appeal, provided plaintiff within ten days signify in writing his willingness to accept of such a judgment, otherwise it will be reversed and a new trial ordered.

MODIFIED.