## AHEARN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   November 7, 1907.)

No. 9.

**1. CRIMINAL LAW—EVIDENCE.**

On the trial of an indictment for receiving stolen property, consisting of certain pigs of tin, alleged to have been stolen from a pile, it was competent for the government to introduce in evidence other pigs from the same pile to show the similarity between them and the ones found on defendant's premises.

**2. SAME—TESTIMONY OF ACCOMPLICE.**

The testimony of an accomplice need not necessarily be corroborated in a federal court which is governed by the rules of the common law; its credibility and weight being for the jury to determine under proper instructions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1124–1128.]

In Error to the Circuit Court of the United States for the Eastern District of New York.

This cause comes here upon writ of error to review a judgment of conviction under indictment for receiving stolen goods, viz., four pigs of tin alleged to have been stolen from the United States Navy Yard at Brooklyn.

G. F. Elliott and Jones & Fanning, for plaintiff in error.

William J. Youngs, U. S. Atty., and W. P. Allen, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. It is assigned as error that the court did not dismiss the case because of lack of sufficient proof of ownership by the United States. It appeared that the lot of tin, from which the evidence indicated that these pigs were taken, was in a building known as "store No. 2" in the navy yard, in charge of a storekeeper, to whom it was delivered and whose duty it is to deliver it on requisition to different departments in the yard. It did not appear from whom the government bought the pigs, nor whether it had paid for them, but those circumstances are immaterial. The evidence fairly warranted the inference that they belonged to the government, which held possession of them for use in its navy yard business. The jury were carefully instructed on this point, and duly charged as to the burden of proof in criminal causes. To the charge there was no exception.

Error is also assigned to the admission in evidence of four pigs (other than those stolen) from the same pile. In what respect the jury could thereby have been prejudiced, and "their minds confused and led away from the point at issue," we fail to see. It was quite competent for the government to show by actual presentation of the articles that the pile in the navy yard from which pigs were missing contained pigs in all respects like those which were found immediately outside the navy yard gate on the shoulders of the four thieves, and which were traced to defendant's premises.

The court charged the jury as to the weight to be given to the testimony of an accomplice, as to felonious intent, and as to the presumption of innocence. The testimony of the accomplice was corroborated as to several material facts, although corroboration is not essential in the federal courts (Hanley v. U. S., 123 Fed. 851, 59 C. C. A. 153), and could not have been withdrawn from the jury. It was for them to say what weight should be given to it.

Judgment affirmed.