Argued March 9, affirmed March 29, 1927.

# M. MURRAY v. FIREMEN'S INSURANCE COMPANY.

### (254 Pac. 817.)

**Evidence—Duplicate Lace Cover and Cloth were Admissible in Policy-holder's Suit to Show Value of Articles Destroyed by Fire.**

1.  Lace cover and tablecloth made in Syria and identified as duplicates were admissible to aid jury in determining value of articles destroyed by fire, in policy-holder's suit.

**Evidence—Duplicate or Facsimile of Article Whose Nature must be Considered by Jury is Admissible.**

2.  In any case where the nature and properties of an article require consideration by the jury, it is proper to submit a duplicate or facsimile conveying a correct impression.

Insurance—Statutory Attorney's Fee, Right to Which was in Issue Under Pleadings, Held Recoverable, Where Right Matured Before Trial, Although not Matured on Commencing Suit (Or. L., § 6355).

3. An instruction permitting plaintiff to recover attorney's fee was proper, where petition asked for fee and defendant waived advantage by answer putting it in issue, and more than eight months elapsed before trial, although right had not matured when petition was filed, under Section 6355, Or. L., providing that plaintiff may recover attorney's fee as part of judgment against insurer where settlement has not been made within eight months from proof of loss.

Insurance—Proper Procedure for Policy-holder Seeking Attorney's Fee on Action Commenced Before Eight Months from Proof of Loss is to File Supplemental Complaint (Or. L., § 6355).

4. Proper procedure for recovery of attorney's fee under Section 6355, Or. L., providing therefor in suit on insurance policy where settlement has not been made within eight months, is, in case action is commenced before eight months expires, by supplemental complaint.

Abatement and Revival — Objections That Action Prematurely Brought Should be by Plea, Answer or Demurrer.

5. Facts showing action prematurely brought are not available in bar, but objection must be raised by plea or answer in abatement, unless facts appear on face of petition, when objection may be by demurrer.

Insurance—Purpose of Statute Providing Attorney's Fee Against Insurer Delaying Settlement is to Require Payment for Delay (Or. L., § 6355).

6. The purpose of provision of Section 6355, Or. L., for recovery of attorney's fee by plaintiff in suit upon insurance policy in case settlement be not made within eight months from proof of loss, is not to postpone litigation, but to require company to pay reasonable attorneys' fee for unnecessary and wrongful delay.

---

Abatement and Revival, 1 C. J., p. 107, n. 97, p. 108, n. 1, p. 109, n. 2, 3.
Appeal and Error, 4 C. J., p. 771, n. 75, 76.
Evidence, 22 C. J., p. 768, n. 50.
Fire Insurance, 26 C. J., p. 535, n. 26, p. 574, n. 70, 72, p. 577, n. 7.

From Multnomah: ROBERT TUCKER, Judge.

Department 1.

This appeal is from a judgment in favor of plaintiff for $2,000 on a fire insurance policy, $400 attor-

---

5. See 1 R. C. L. 50.

ney's fee and costs and disbursements. The complaint is in the usual form, with additional allegations by way of estoppel on account of the policy having been drawn in favor of M. Murray & Company instead of M. Murray. The policy covered the household goods of the plaintiff. The answer puts in issue substantially all the material allegations of the complaint, and as a further and separate defense alleges false representations on the part of the plaintiff regarding the kind and value of the goods destroyed by fire. In his proof of loss plaintiff submitted a schedule showing a value of $4,415, and thereafterwards submitted a further statement showing a valuation of $3,500 for the goods destroyed and lost by the fire. Defendant alleges that the goods lost in the fire did not exceed in value $750, and because of said alleged false representations defendant denies its liability in any sum. The reply puts in issue the affirmative allegations in the answer. Defendant appeals from the judgment based upon a verdict in favor of the plaintiff and assigns seven errors. The errors assigned may be reduced to two, namely; admission in evidence of a lace cover and lace tablecloth, and the giving of an instruction permitting the plaintiff to recover an attorney fee in case the jury found in favor of the plaintiff.                    Affirmed.

For appellant there was a brief over the name of *Messrs. Veazie & Veazie,* with an oral argument by *Mr. J. C. Veazie.*

For respondent there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. A. M. Dibble.*

COSHOW, J.—1, 2. The principal error relied upon by defendant is the admission in evidence of a lace cover and lace tablecloth. These articles were made in Syria, where the wife of the plaintiff was born. The two articles introduced over the objection of defendant belonged to the mother-in-law of plaintiff. The wife of plaintiff testified as a witness that the two articles, the cover and tablecloth belonging to her mother, were duplicates of the two articles owned by plaintiff and destroyed by the fire. The two articles so destroyed were given to plaintiff's wife by her mother. Upon that showing and for the purpose of better describing the articles and determining their value, the plaintiff was permitted over the objection of the defendant to exhibit the articles to the jury. The two articles were admissible for the purpose for which they were offered. It must be remembered that defendant contested the value of the goods destroyed by fire. These two particular articles were not such common or ordinary articles as could be found generally in the stores in this country. They were rare and difficult to describe. The testimony was to the effect that the two articles so exhibited were exactly like the two destroyed. The rule in such cases is stated thus:

"In any case where the nature and properties of an article require consideration by the jury, it is proper to submit a duplicate or facsimile conveying a correct impression." 22 C. J. 768, § 868.

Jones on Evidence (3 ed.), §§ 393 and 399, notes 27 and 28; *Ahearn* v. *United States,* 158 Fed. 606; *Bloch* v. *American Ins. Co.,* 132 Wis. 150 (112 N. W. 45); *Gilbourne* v. *Oregon Short Line R. Co.,* 39 Utah, 80 (114 Pac. 532); *Friedman* v. *Breslin,* 51 App. Div.

268 (65 N. Y. Supp. 5); *Commonwealth* v. *Miller,* 258
Pac. 226 (101 Atl. 1006); *Berney* v. *Dinsmore et al.,*
141 Mass. 42 (5 N. E. 273, 55 Am. Rep. 554).

The court instructed the jury regarding the pur-
pose for which the articles were introduced and di-
rected the jury to limit consideration of the articles
to that purpose. We must assume that the jury was
composed of intelligent persons. We do not believe
there was any misapprehension on the part of the
jury from the introduction of those articles. The evi-
dence disclosed that the two similar articles owned by
the plaintiff were destroyed by fire. The production
of the two articles introduced could not tend to prove
the destruction of the other two. Inspection of the
articles might help to enable the jury to determine
the value of the articles burnt.

3. The other assigned error to be noticed is regard-
ing attorney's fee. This action was commenced less
than eight months after presenting proof of the loss.
The complaint contains these allegations:

"More than sixty days have elapsed since the re-
ceipt by said defendant of said proof of loss and said
defendant has refused and still refuses and neglects
to pay to said plaintiff any part of said amount due
and owing under said policy.
"Five Hundred ($500.00) Dollars is a reasonable
sum to be allowed by the court as and for attorneys
fees for the prosecution of this action."

4. Plaintiff's right to recover any attorney's fee is
statutory. Before plaintiff is entitled to recover at-
torney's fee he must bring himself within the terms of
the statute. At the time the action was tried more than
eight months had elapsed since proof of loss had been
made. At the time of the trial plaintiff was entitled
to recover a reasonable attorney's fee, in case he was

entitled to recover from the defendant. The defendant made no move to strike out the allegation regarding attorney's fee, nor did it demur thereto. It answered by denying that any sum in excess of $200 was a reasonable attorney's fee. The right to recover attorney's fee in this case matured after the commencement of the action. The claim for attorney's fee should have been brought in by a supplemental complaint: *Walker* v. *Fireman's Fund Ins. Co.*, 114 Or. 545, 573 (234 Pac. 542). The section of the statute authorizing recovery of fee so far as relevant here is as follows:

"Whenever any suit or action is brought in any court of this state upon any policy of insurance of any kind or nature whatsoever, the plaintiff, in addition to the amount which he may recover, shall also be allowed and shall recover as part of said judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees in said suit or action; provided, that settlement is not made within eight months from date proof of loss is filed with the company; * * . " Or. L., § 6355.

5, 6. The instant case differs from the case last cited in that in the case at bar plaintiff alleged in his complaint a reasonable attorney's fee and demanded judgment therefor. The statute gives him that right, subject to be defeated by settlement within eight months from the time proof is filed with the company. In the Walker case the plaintiff did not demand attorney's fee in his complaint but sought to take advantage of this provision of the statute by amending his complaint at the time of the trial. This court held that not to be the proper way to introduce the issue of attorney's fee. The amendment sought was new matter arising since the action was commenced. The proper procedure was to introduce that matter

by a supplemental complaint.  Under the statute we think it is permissible to anticipate the recovery of attorney's fee upon the condition named in the statute.  The defendant is not thereby injured in any way, nor is it prejudiced.  It could have moved against the allegation and possibly compelled the plaintiff to have again introduced it by a supplemental complaint, in case defendant did not settle within the eighth month from the time proof was filed with it. But defendant did not do that.  On the contrary it joined issue upon that allegation.  We think that defendant thereby waived any technical advantage it could have taken by moving against or demurring to the allegation for attorney's fee.  1 C. J. 107, 108, where it is written:

"By the weight of authority, it is ground for abatement, that the action was prematurely brought, even though the right of action has matured before the trial, as, * * where an action is brought before the happening of an event upon the happening of which the right to commence the action is to accrue; and in many other like cases."

The instant case is similar.  The issue as to attorney's fee was not mature at the time the action was commenced.  As to that issue the action was prematurely brought.  Facts "merely showing that the action was prematurely brought are not available as matter in bar, but the objection must be raised by plea or answer in abatement, unless it appears on the face of the declaration or complaint, when it is ground for demurrer."  1 C. J. 109, note 3; *Barnum* v. *Lockhart,* 75 Or. 528, 541, 542 (146 Pac. 975); *McClung* v. *McPherson,* 47 Or. 73, 85, 86 (81 Pac. 567, 82 Pac. 13). Defendant could have defeated the attorney's fee by settling within eight months after receiving proof of

loss. On the contrary, defendant strenuously resisted payment. The trial of the case in the Circuit Court consumed four days. The case was conducted with such ability on the part of the attorneys and the presiding judge that notwithstanding the length of the trial only two alleged errors are assigned. The defendant continues to prosecute the action to this court on what seems to us trivial matters. We believe the intention of the legislature would be defeated if we denied plaintiff attorney's fee. Under the circumstances plaintiff ought not to be made to wait the full period of eight months after filing proof while the defendant refuses to pay the loss or any part thereof on the ground that it is not liable. The provision allowing attorney's fee was not intended to postpone litigation or defer recovery by an insured but was intended to protect an insured who has suffered a loss from annoying and expensive litigation. By the complaint in the instant case the defendant had knowledge from the beginning that plaintiff was claiming an attorney's fee. It knew that it could defeat that claim by settling with the plaintiff within eight months after the proof of loss was filed with it. Instead of doing that it denied liability and has vigorously contested plaintiff's right of recovery. The jury has finally after a fair trial found the defendant liable to the plaintiff in accordance with its contract of insurance. We believe it to have been the intention of the legislature by said Section 6355, Or. L., to require the insurance company to pay a reasonable attorney's fee for the unnecessary and wrongful delay in paying its just dues and additional expense caused plaintiff in prosecuting his claim.

The jury's verdict establishes defendant's defense to be without merit.

.The judgment is affirmed.                    AFFIRMED.

RAND, J., concurs.

BURNETT, C. J., and McBRIDE, J., concur in result.