Submitted on briefs March 22, affirmed April 5, 1927.

## J. & V. LIBERTY, Inc., *v.* COLUMBIA TRUST & SAVINGS BANK.

(254 Pac. 1016.)

**Parties—Demurrer for Defect of Parties Defendant Appearing on Face of Complaint is Equivalent to Plea in Abatement.**

**1.** Demurrer to complaint on ground of defect of parties defendant is equivalent to plea in abatement, where alleged defect of parties appears on face of complaint.

**Escrows—Lessee, Placing Money With Bank, to be Repaid in Case of Construction Company's Failure to Complete Building in Time or Satisfy Liens, Could Recover Money on Nonperformance of Conditions, Without Joining Construction Company as Defendant (Or. L., § 41).**

**2.** Lessee of premises, who placed money with bank as escrow to be repaid in case construction company should fail to complete

121 Or.—19

building within specified time free from mechanics' liens, *held* entitled to recover against bank amount of money placed there, on construction company's failure to comply with conditions entitling it to sum deposited, without joining construction company as defendant; company not being necessary party under Section 41, Or. L.

**Escrows—Person Having No Interest in Money Deposited in Escrow Held not Necessary Party in Suit for Its Recovery (Or. L., § 41).**

3.   One who has no interest in money deposited in escrow *held* not necessary party under Section 41, Or. L., in suit by depositor against bank escrow agent for its recovery.

**Pleading—Demurrer Admits Truth of Allegations in Pleading Which It Attacks.**

4.   Truth of allegations of pleading attacked by demurrer are admitted thereby.

**Abatement and Revival—Cause of Abatement is Waived, Unless Raised by Demurrer or Plea (Or. L., § 72).**

5.   Unless cause of abatement is raised either by demurrer, when it appears upon the face of complaint, or else by proper plea, cause is waived under Section 72, Or. L.

**Abatement and Revival—Demurrer on Ground That Facts are Sufficient to State Cause of Action Does not Present Cause for Abatement (Or. L., § 72).**

6.   Cause of abatement is not presented by demurrer on ground that complaint does not state facts sufficient to state cause of action; objection that facts are insufficient not being waived by failure to raise by demurrer or answer, in view of Section 72, Or. L.

---

Abatement and Revival, 1 C. J., p. 127, n. 99; p. 129, n. 9, p. 254, n. 41, p. 257, n. 68.
Parties, 30 Cyc., p. 121, n. 88.
Pleading, 31 Cyc., p. 293, n. 95, p. 470, n. 79, p. 729, n. 54.

From Clatsop: J. A. EAKIN, Judge.

In Banc.

Defendant appeals from a judgment in favor of plaintiff on the pleadings. The plaintiff sued the defendant to recover the sum of $20,000 deposited with the defendant as an escrow. Columbia Improvement Company, a corporation, undertook to construct a building which was to include a theater. The plaintiff desired to lease the theater for a period of ten

---

4.   See 21 R. C. L. 506.
5.   See 1 R. C. L. 53.
6.   See 21 R. C. L. 520.

years. On October 15, 1924, plaintiff and Columbia Improvement Company entered into a written lease for that part of the building referred to in the lease as the theater premises. In the lease plaintiff is referred to as lessee and Columbia Improvement Company as lessor. The part of the lease pertinent to the issue on this appeal is the third paragraph thereof, which reads as follows:

" 'Third. Said lessee shall advance and loan Twenty Thousand ($20,000.00) Dollars to said lessor and said lessor shall repay the same, with interest thereon to said lessee in the time and manner following, to-wit:

" '(a) Any part of said $20,000.00 shall be paid to said lessor, upon its written request therefor, prior to the completion of said building if said lessor gives to said lessee a bond with a responsible and authorized surety company as surety thereon, in and by which bond said lessor and said surety shall undertake and agree that said building shall be erected and completed and said theatre premises shall be provided therein in the time and manner required by this lease and that any and all mechanics' liens then or thereafter filed or asserted for labor performed on or materials furnished to said building shall be satisfied by payment or discharged by being defeated; and

" '(b) Said lessee shall, at any time after said building is completed and upon the written request of said lessor therefor, advance and loan to said lessor such part of said $20,000.00 as has not been previously paid under the foregoing subdivision (a); but, unless the bond provided for in said subdivision (a) has been given therefor, said lessee shall be under no obligation to so advance and loan any part of said $20,000.00 under this subdivision (b) prior to the expiration of the time when mechanics' liens may be filed for labor performed on or materials furnished to said building or while any such lien is pending or unpaid or unsatisfied unless said lessor gives to said

lessee a bond with a responsible and authorized surety company as surety thereon in and by which said lessor and said surety shall undertake and agree that any and all mechanics' liens then or thereafter filed or asserted shall be satisfied by payment or discharge by being defeated.' ''

The lessor concluded that the bond mentioned in said paragraph three was too expensive. At its request a new agreement was entered into containing the following provision, in lieu of the provision requiring a bond in said lease:

'' 'Said Bank shall keep and retain said $20,000.00 until said building shall be erected and completed and said theatre premises shall be provided therein in the time and manner required by said lease, and until the time when mechanics' liens may be filed for labor performed on or materials furnished to said building has expired without any such being filed, or, if any such are filed within such time, until the same are satisfied by payment or discharge or being defeated; and upon the happening of all said contingencies, and not otherwise, said Bank shall pay over said $20,000.00 to said lessor; but unless all said contingencies do happen on or before April 1, 1925, said Bank shall return and pay over said $20,000.00 to said lessee.' ''

On November 4, 1924, in accordance with said agreement plaintiff deposited with defendant the said sum of $20,000, taking its receipt therefor which was indorsed on plaintiff's executed copy of said agreement. Said receipt is in words and figures as follows:

''The 'Columbia Trust & Savings Bank' does hereby acknowledge that it has this day received from the 'J. & V. Liberty Inc.' the $20,000.00 mentioned in the foregoing Agreement between it and the 'Columbia Improvement Company' and does hereby

agree to dispose of said $20,000.00 in the manner provided in said agreement.''

. The building was not completed on or before April 1, 1925. Prior to April 2, 1925, a large number of mechanics' liens were filed against said building and the land on which it is situated. On October 7, 1925, the date on which complaint was filed, none of these liens had been satisfied and a suit was then pending in the Circuit Court for Clatsop County to foreclose said liens. All of the foregoing facts appear in plaintiff's complaint. The other allegations in said complaint fully cover plaintiff's cause of action and the formal allegations regarding the capacity of the parties to the action. Defendant appeared and moved the court for an order requiring Columbia Improvement Company, lessor, to be brought in as a party defendant. This motion was denied. Defendant then demurred as follows: First, that there is a defect of parties defendant; second, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant having refused to further plead plaintiff moved for a judgment on the pleadings, and said motion was allowed on the fourth day of December, 1925, and a judgment was entered accordingly. This appeal is from the judgment. AFFIRMED.

For appellant there was a brief over the name of *Messrs. Norblad & Hesse.*

For respondents there was a brief over the names of *Messrs. Malarkey, Seabrook & Dibble* and *Messrs. G. C. & A. C. Fulton.*

COSHOW, J.—1, 2. The first part of the demurrer to the complaint, to wit: that there is a defect of

parties defendant, is equivalent to a plea in abatement where the alleged defect of parties appears on the face of the complaint: *Ryckman* v. *Manerud,* 68 Or. 350, 365 (136 Pac. 826, Ann. Cas. 1915C, 522), where we find this language:

"Where the debt is joint, the creditor must sue all the debtors, or those sued may demur to his complaint on the ground that there is a defect of parties defendant, if the defect appears on the face of the complaint, or, if it does not so appear, the defendant sued may plead in abatement such defect. But the defendants so sued may waive such defect of parties and permit judgment to be taken against them."

Section 41, Or. L., prescribes as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in."

3, 4. If the Columbia Improvement Company had an interest in the $20,000 deposited by plaintiff with the defendant, it was a necessary party to this action. That matter must be determined by a construction of the contract between plaintiff and the Improvement Company and the receipt written at the foot of plaintiff's copy of said contract. Before the Improvement Company could have any interest in the sum of $20,000 these three things must have happened on or before April 1, 1925, to wit: First, the building, including the theater, must have been completed; second, sufficient time should have expired for filing mechanics' liens upon said building, or, third, if any liens had been filed they must have been satisfied by payment, discharge or by having been defeated. All

of these conditions must have happened on or before April 1, 1925. There is no pretense that any of these conditions has been fulfilled. It is elementary that the demurrer admits the truth of the allegations attacked thereby. The allegations in the complaint that the building has not been completed, that mechanics' liens aggregating over $48,000 in amount have been filed against said building, and that a suit was pending for the foreclosure of said mechanics' liens are admitted. For these reasons we do not see how it is possible for Columbia Improvement Company to assert or claim any interest in the $20,000. It has not applied for permission to intervene. The complaint shows that the Improvement Company has no claim to or interest in the $20,000. Defendant is supposed to be entirely disinterested as between plaintiff and said Improvement Company.

Attorneys for defendant ingenuously argue that in order to prevent said Improvement Company from having a claim on said money the last sentence quoted from said agreement should read as follows:

"But if all of the said contingencies do not happen on or before April 1, 1925, said Bank shall return and pay over said $20,000.00 to said lessee."

The clause as it appears reads as follows:

"but unless all said contingencies do happen on or before April 1, 1925, said Bank shall return and pay over said $20,000.00 to said lessee,"

the plaintiff herein. The agreement also provides that said fund upon the happening of all said contingencies, and not otherwise, shall be paid over by the Bank to lessor, said Improvement Company. Now it is undisputed that none of said contingencies has happened. The agreement clearly provides that

said money should be paid over to the lessee, the plaintiff herein, unless all said contingencies do happen on or before April 1, 1925. It would seem hard to make language any more definite or lucid. We think that it clearly appears from said agreement and the issue joined by the complaint and demurrer that plaintiff is entitled to recover. The Columbia Improvement Company has no claim upon or interest in said $20,000 whatever.

5, 6. The only contention that the complaint does not state facts sufficient to constitute a cause of action is based on the contention that said Improvement Company is a necessary party. That point is covered by the other branch of the demurrer. A cause of abatement must be raised either by demurrer when it appears upon the face of the complaint, or else by proper plea. It has been held many times by this court that unless a cause of abatement is so raised it is waived: *Fiore* v. *Ladd,* 29 Or. 528 (46 Pac. 144); *Barnum* v. *Lockhart,* 75 Or. 528, 542 (146 Pac. 975); *Murray* v. *Firemen's Ins. Co., ante,* p. 165 (254 Pac. 817). Cause for abatement is not presented by a demurrer on the ground that the complaint does not state facts sufficient. The objection that the complaint does not state facts sufficient is never waived: Section 72, Or. L. The judgment is affirmed.

AFFIRMED.