Argued October 4, affirmed October 11, 1927.

FRANK C. BRAMWELL, SUPERINTENDENT OF BANKS, *v.* ISABELLE R. HESELTINE, ADMINISTRATRIX, ET AL.

(259 Pac. 1063.)

**Bills and Notes—One Signing Note as Maker is Primarily Liable (Or. L., § 7982).**

1. Where a married woman signed a note as one maker under Section 7982, Or. L., she was primarily liable.

**Bills and Notes—Married Woman, Though Accommodation Party to Note, was Liable for Payment Thereof to Superintendent of Banks as Holder for Value (Or. L., § 7821).**

2. Notwithstanding married woman was an accommodation maker and such fact was known of note, she was liable to the superintendent of banks as a holder for value.

**Executors and Administrators—Defense Against Action Against Executor or Administratrix That Claim was Never Presented may be Urged Only by Defendant Acting in Representative Capacity.**

3. In view of Sections 386, 387, Or. L., defense against action against executor or administratrix that claims had been presented can be urged only by the executor or administratrix while acting in representative capacity, and is one which may be waived by him.

**Executors and Administrators—Unauthorized Finding in Jury on Immaterial Matter Submitted Held not to Control General Verdict.**

4. In action by the superintendent of banks on a note against a married woman and against estate of her deceased husband, in which no appearance was made for the estate, finding of jury that no claim had ever been presented to defendant as administra-

1. See 3 R. C. L. 1137.

trix, being immaterial to her individual defense, was unauthorized, and hence did not control general verdict in view of Section 155, Or. L.

Banks and Banking, 7 C. J., p. 733, n. 32, p. 735, n. 69.
Bills and Notes, 8 C. J., p. 69, n. 6, p. 260, n. 51, p. 261, n. 53.
Executors and Administrators, 24 C. J., p. 745, n. 39, 43, p. 748, n. 94, 95 New, p. 753, n. 9 New, p. 770, n. 66, p. 878, n. 74.
Trial, 38 Cyc., p. 1928, n. 86.

From Klamath: A. L. LEAVITT, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief over the name of *Messrs. Oneill & Irwin,* with an oral argument by *Mr. Oneill.*

For respondent there was a brief and oral argument by *Mr. Arthur W. Schaupp.*

RAND, C. J.—1, 2. This is an action by plaintiff as Superintendent of Banks of the State of Oregon to recover upon a negotiable promissory note of which the defendant Isabelle R. Heseltine and her deceased husband were makers. The note was made payable to the order of the First State & Savings Bank of Klamath Falls, Oregon, which bank has since become insolvent. By law the Superintendent of Banks is charged with the duty of liquidating the assets and liabilities of an insolvent bank, and while engaged in the performance of that duty is a holder for value of the negotiable instruments belonging to and payable to the order of the bank. This action was brought against Isabelle R. Heseltine individually, as one of the makers of the note, and also against her as the administratrix of the estate of her deceased husband. She made no appearance as administratrix, and was in default. She appeared, however, for her-

self individually and filed an answer alleging affirmatively that she had signed the note without any consideration being received therefor, and that in signing the same she was a mere accommodation maker for her deceased husband. A demurrer was sustained to this affirmative defense, which ruling she assigns as error. Having signed the note as one of the makers thereof, she was under Section 7982, Or. L., primarily liable, and notwithstanding that she was an accommodation party and that that fact was known to the bank, she is under Section 7821, Or. L., liable for the payment of the note to a holder for value. The demurrer was therefore properly sustained.

The complaint among other things alleged that a duly verified copy of the bank's claim against the estate of decedent had been, within six months after her appointment as administratrix, presented to her as such administratrix and this was denied by the answer. Upon the trial the court submitted to the jury· a special finding, permitting the jury to find the fact of whether such a claim had ever been presented to the administratrix, and the jury returned its answer in the negative.

3, 4. Under Section 386, Or. L., an action against an executor or administrator may be commenced at any time after the expiration of six months from the granting of letters testamentary or of administration and until the final settlement of the estate and discharge of such executor or administrator from the trust; but under Section 387, Or. L., such action shall not be commenced until the claim of the plaintiff has been duly presented to such executor or administrator, and by him disallowed. The defense against an action brought against an executor or an administrator that the claim had never been presented is

one which can be urged only by the executor or administrator while acting in his representative capacity, and it is one which may be waived by such executor or administrator, since the statute was intended to protect the estate of the deceased person from litigation over claims, which if properly presented might be allowed and paid by the executor or administrator without action. It was not a defense which the defendant could personally urge in her own behalf when sued upon her own individual obligation. Having failed in her capacity as administratrix to defend in the action, plaintiff was entitled to have a judgment by default rendered against her as such administratrix. If she had desired to make this defense on behalf of the estate, she should have moved to have had the default opened up and to be permitted to defend upon that ground. But upon her own individual defense it was wholly immaterial whether the claim had been presented to her as administratrix or not. This special finding, therefore, was one which should not have been submitted to the jury, and being unauthorized, was of no effect, and hence did not control the general verdict as it would have done under Section 155, Or. L., if the finding had been one which the court would have been authorized to submit to the jury.

Upon the trial of the cause both plaintiff and defendant moved for a directed verdict and the court instructed the jury to return a verdict in favor of the plaintiff for the amount due on the note. This ruling is also assigned as error, but under the admissions contained in the answer and under the proof offered, the direction was proper.

Finding no error in the record which could have in any way affected any substantial right of the defend-

ant while defending in her individual capacity, the judgment appealed from must be affirmed.

AFFIRMED.

BEAN, BELT and BROWN, JJ., concur.