### 16613

NOBLES v. MOSELEY
(70 S. E. (2d) 247)

*Mr. T. Eston Marchant, Jr.,* of Columbia, *for Appellant,* cites:

*Messrs. Seigler & Seigler,* of Columbia, *for Respondent,*
cite :

April 4, 1952.

BAKER, Chief Justice.

Respondent brought suit against appellant for $300.00, alleging that it was paid to appellant as earnest money under a contract of sale between respondent and one Robert P. Almy; that the contract provided it would be held in trust by appellant pending the closing of the contract; that the contract further provided that it was contingent upon respondent obtaining a loan in the sum of $10,700.00 and was to be refunded in the event this loan could not be negotiated, that respondent made diligent efforts to obtain loan, but was unable to do so, of which appellant was advised, with demand for return of the earnest money, which appellant refused to do.

Appellant answered, admitting the allegations of the complaint, except that respondent made efforts to obtain a loan and alleged that respondent refused to make such effort, and pleaded a provision of the contract to the effect that, upon failure of the purchaser to comply with its terms, the seller should have the right to retain the amount paid, viz.. the earnest money involved; and denying that appellant was indebted to respondent, on the ground that respondent had failed and refused to comply with the contract.

Appellant served notice of motion for an order requiring respondent to add Robert P. Almy as party defendant, upon the ground that he was a necessary party to a complete determination of the questions involved, and had an interest contrary to the claim which was the foundation of appellant's

action. The motion was heard by Honorable Legare Bates, Judge of the Richland County Court, and refused.

It appeared at the hearing before Judge Bates that Robert P. Almy is not a resident of the State of South Carolina, and not within the jurisdiction of the court.

Appellant has appealed from Judge Bates' order refusing motion to require respondent to make Almy a party defendant.

The case was thereafterwards tried at the December, 1951, term of the Richland County Court, and resulted in a verdict in favor of respondent for $300.00. It does not appear that there has been an appeal therefrom.

Appellant admitted the allegation of the complaint that the contract provided that the earnest money would be held in trust by him pending the closing of the transaction. He did not contend that it had been paid over to Robert P. Almy. Under the circumstances, while Almy may have been a proper party, he was not a necessary party. 30 C. J. S., Escrows, § 16. The statement in syllabus opinion in the case of *Kenney v. Walden,* 28 Ga. App. 810, 113 S. E. 61, to the effect that where a conditional deposit, in the nature of earnest money, is turned over to a sales broker in order to bind a conditional contract of purchase and sale, and is to be returned to the prospective purchaser in case the proposed sale falls through, the purchaser can recover it back from the agent, if it be shown that he continues to hold it, meets with our approval.

In the light of the fact that the case has been tried and resulted in a verdict in favor of the respondent against the appellant, it would seem that aside from the foregoing, the issue before the Court is now moot.

The order appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.