Argued October 30, affirmed November 22, 1961

# FAY *v.* McCONNELL ET AL, THE UNITED STATES NATIONAL BANK

### 366 P. 2d 327

*Wm. J. Crawford,* Portland, argued the cause and filed a brief for appellant.

*Michael S. Mogan,* Burns, argued the cause for respondent. On the brief were Waterman & Mogan, Burns.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

PER CURIAM.

This is a suit for judgment on a note for $7,500 and foreclosure of the mortgage on real property in Harney county securing the same.

The plaintiff, Fay, was the owner and holder of the note. Charles B. McConnell and his wife, the defendant Estella C. McConnell, were cosigners of the note and mortgage. Subsequent to the execution of these instruments, Charles died and the defendant United States National Bank of Portland was appointed as executor of his estate. From the judgment and decree in favor of plaintiff, the defendant, as executor, appeals.

Plaintiff filed his claim against the estate with the executor on the twenty-fifth day of May, 1959. ORS 116.520 grants to administrators or executors of de-

cedents' estates 60 days after the receipt of a claim within which to formally reject or approve the same in the manner provided in said section. Plaintiff, however, did not abide the time allowed to the executor for such consideration. On the seventeenth day of June, 1959, and before the bank had indicated its approval or rejection of his claim, Fay filed his complaint in the matter at bar, with service two days later on the defendant bank. The bank, without any intervening motions or demurrers, a year and a half later filed its answer in general denial. Shortly thereafter the case was heard and all evidence received without objection. This was followed by the offending decree.

The executor's sole assignment of error is premised upon the proposition that a plaintiff can not bring a suit or action on a claim against an estate until the same has been rejected by the estate's representative within the 60-day period allowed by ORS 116.520. In support it relies upon ORS 121.090 as the statutory inhibition to such course. It reads:

"An action against an executor or administrator shall not be commenced until the claim of the plaintiff has been duly presented to the executor or administrator, and by him rejected. * * *"

The plaintiff argues that the filing of an action against an executor prior to the lapse of time stipulated in ORS 116.520, supra, is a matter in abatement and not in bar and a defense predicated upon a premature filing of a cause must be raised by a plea in abatement or demurrer, and, if not so raised, the defense is waived.

Resting upon the authority of the following cases, we conclude that the principle of pleading ad-

vanced by plaintiff correctly states the law applicable to this matter and the judgment and decree should be affirmed.

█ A plea in abatement delays the right to sue by defeating the particular action and unless there is statutory provision to the contrary, a plea in abatement is waived, if not pleaded before answering over to the merits. But a plea in bar, as here, denies that plaintiff has any cause of action or suit and does not reach the question of prematurity. *Winters v. Grimes,* 124 Or 214, 218, 264 P 359.

█ The objection that a claim against a decedent's estate was not presented by a proper person is a matter of abatement only and is waived by joining issue on the merits. *Morgan's Estate,* 46 Or 233, 242, 77 P 608, 78 P 1029; *Benson v. Williams,* 174 Or 404, 422, 143 P2d 477, 149 P2d 549. See, also, *Bramwell v. Heseltine,* 122 Or 519, 521, 259 P 1063.

█ Facts showing that an action is prematurely brought are not available in bar, but such objection must be raised by a plea or answer in abatement, unless the facts appear on the face of the complaint, when the objection may be raised by demurrer. *Murray v. Firemen's Ins. Co.,* 121 Or 165, 171, 254 P 817; *Fiore v. Ladd,* 29 Or 528, 531, 46 P 144; *J. & V. Liberty, Inc. v. Columbia Trust & Savings Bank,* 121 Or 289, 296, 254 P 1016. The record is wanting in a demurrer or plea in abatement.

Affirmed.