Argued June 5, reversed and remanded September 7, petition
for rehearing denied November 21, 1967

STEVENS, *Appellant, v.* SCANLON,
*Respondent.*

430 P. 2d 1019

*Donald B. Bowerman,* Portland, argued the cause for appellant. With him on the brief were Rask, Hefferin & Bowerman and Ernest W. Kissling, Portland.

*Lyle C. Velure,* Medford, argued the cause for respondent. On the brief were Collins & Redden, Medford.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and LUSK, Justices.

## DENECKE, J.

The issues in this appeal concern the statute of limitations applicable to actions against administrators or executors and the statute permitting the refiling of actions after a judgment of nonsuit.

The plaintiff's cause of action for malpractice accrued in July, 1963. The decedent, the physician, died in November, 1963. Plaintiff filed her action against the defendant, the decedent's executor. The case went to trial and defendant contended that the court had no jurisdiction as no claim against the estate had been filed as required by ORS 121.090. On April 1, 1966, the trial ended when plaintiff's motion for a voluntary nonsuit was granted and judgment entered.

On April 1, 1966, a claim was filed against decedent's estate for damages for malpractice and the executor denied the claim on April 6, 1966. On April 15, 1966, plaintiff filed a demand in probate court for trial in circuit court. On April 21, 1966, plaintiff filed the complaint in the present action alleging the filing and the rejection of the claim and the demand

for trial. Defendant demurred to plaintiff's amended complaint upon the grounds that time allowed by the statute of limitations expired on November 28, 1965 (two years plus 120 days granted by ORS 121.080); plaintiff had failed to file her claim against the executor prior to this date (by not filing until April 1, 1966); and plaintiff had failed to file her action before November 28, 1965 (by not filing until April 21, 1966).

The defendant's demurrer was sustained and plaintiff appeals.

ORS 12.220 provides: "* * * if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof * * *, after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal * * *."

The defendant appears to contend that this statute does not "save" the plaintiff because: (1) it is not applicable to the limitation for special statutory proceedings such as claims against an executor; (2) the "action * * * [was not] commenced within the time prescribed therefor" because no claim had been filed; therefore, the court did not have jurisdiction and no action had ever been filed; and (3) claims against an estate cannot be filed after the statute of limitations has run; therefore, the filing of the claim was a nullity.

■ With regard to the first contention, the "saving" statute does not exclude any statute of limitations except one in the Uniform Commercial Code pertaining to actions for breach of contracts of sale. We hold the "saving" statute is applicable to actions brought against an executor.

The defendant asserts: "An allegation [in the

complaint] that a claim was timely presented and rejected is required in order to confer jurisdiction on the trial court." From this premise the defendant concludes that because the trial court did not have jurisdiction, the original action was not "commenced" within the time prescribed and, therefore, the requirements of the "saving" statute were not met.

Most jurisdictions passing upon the issue held that even though the court did not have personal or subject-matter jurisdiction of the first action brought, nevertheless, within the meaning of the "saving" statute the initial action was "commenced." For example, *Gaines v. City of New York,* 215 NY 533, 109 NE 594, LRA 1917C 203 (1915). Other decisions are found in Annotation, 6 ALR3d 1043 (1966).

■ We have held, however, that the presentation of a claim to an executor and the executor's rejection of the claim is not jurisdictional but a matter of abatement only. *Fay v. McConnell,* 229 Or 128, 131, 366 P2d 327 (1961). Cf. *Harp v. State Compensation Department,* 247 Or 129, 427 P2d 981 (1967).

■ Defendant's last argument is that the claim must be presented to the executor before the applicable statute of limitations has expired.

"The limitation statutes refer to the bringing of actions, not the filing of claims * * *." 2 Jaureguy and Love, Oregon Probate Law and Practice, § 674, 120-121 (1958).

The statute on the time of presentation of claims, ORS 116.510, provides: "* * * Until the final account is filed, a claim against the estate not barred by the statute of limitations may be presented, allowed and paid * * *."

■ We have herein held that this claim is not barred

by the statute of limitations. As the final account had not been filed at the time of the presentation of the claim, the claim was timely presented.

The demurrer was improperly sustained and the cause is reversed and remanded.