*Southern District*

No. 44

**SAVAS HANTZES, and
MARINA HANTZES**

v.

**JAMES R. MCMAHON, JR.**

Argued: Sept. 7, 1972 - Decided: Feb. 7, 1973

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried to *Welsh, J.* in the First District

Court of Barnstable. Date of decision appealed from: March 24, 1972. Docket number: 32038 of 1972.

**Rider, J.** This is an action of contract for money had and received against the defendant as an escrow depositary. The plaintiffs appeal from the trial judge's sustaining defendant's answer in abatement and overruling plaintiffs' demurrer thereto.

This action was filed on March 6, 1972. The plaintiffs allege in their declaration that on 20 August 1971, $1,000. was paid by them to the defendant as an escrow depositary under a real estate sales agreement executed by and between a Mr. and Mrs. Patterson, Pocasset, Massachusetts, as sellers of certain property located in Fryeburg, Maine, and the plaintiffs as buyers; that said agreement was signed in the office of the defendant located in Buzzards Bay, Massachusetts; that the defendant was instructed by both parties to hold the deposit until the warranty deed of the property was delivered to the plaintiffs on 20 September 1971 or in the alternative return the deposit to the plaintiffs; that on 20 September 1971, the sellers at 3:50 p.m. transferred the property to their son after the buyers questioned them on certain discrepancies; that the plaintiffs, pursuant to the agreement, demanded the return of their deposit from the defendant who refused and continues to refuse to return the deposit, which he is holding until a court

of competent jurisdiction determines legal ownership.

The agreement is attached to the declaration. Pertinent provisions of the agreement read as follows:

> "If the party of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this Agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof."

> "The Deed is to be delivered and the consideration paid, if the purchaser so requires, at the Registry of Deeds in which the deed should by law be recorded, on September 20, 1971 at 2 p.m. unless some other place and time should be mutually agreed upon."

The defendant answered in abatement on the grounds that this action was for the same cause of action as one pending in the State of Maine; and that there was a non-joinder of party defendants. The defendant annexed copies of the pending proceedings in the State of Maine which show:

1. That the plaintiffs in the present action on 23 September 1971 filed an action for fraud in the State of Maine naming the sellers, Mr. and Mrs. Patterson, as defendants.

2. That the plaintiffs as part of their damages asked for the return of the $1,000. deposit.

3. That on 11 October 1971, Mr. and Mrs. Patterson answered by general denial and what appears to be in set-off, denying "that a thousand dollars was paid to them . . .";

4. That at the same time Mr. and Mrs. Patterson filed a counter-claim against the present plaintiffs alleging breach of contract and damages in the amount of $4,754.11 and for continuing damages for said breach;

5. That the damages claimed by Mr. and Mrs. Patterson are $154.11 for loss of interest on the sales price; $100. for legal fees; $500. for travel; $4,000. for continued maintenance, taxes, insurance premiums and other charges.

The plaintiffs demurred to the answer in abatement setting forth the following grounds in their pleading:

1. That the pendency of an action in one state is not grounds for abatement for a suit commenced in another state, even though the suit was against the same parties and for the same cause of action;

2. That the parties were not the same; the action in the State of Maine is against the Pattersons, the action in Massachusetts is against the defendant;

3. That failure to allege that parties in both suits are the same or in privity is fatally defective;

4. That the causes of action were not the same; the action in the prior action is for fraud, the action in the present suit is for money had and received by the defendant as an escrow depositary;

5. That the relief is not the same since defendant is a non-resident of the State of Maine and is not subject to its jurisdiction without personal service being obtained in the State of Maine.

6. That any judgment rendered by the Court in the State of Maine would not be binding on the defendant.

7. That the pleadings used by the defendant failed to show non-joinder of parties in that the plaintiffs' declaration cited by defendant to plead joint liability is to the contrary since the declaration on its face shows that his liability is single as an escrow depositary.

The hearing on defendant's answer in abatement and plaintiffs' demurrer consisted of oral statements by the plaintiff, Savas Hantzes, and by the defendant, and the testimony of the plaintiff, Marina Hantzes. At the hearing there was evidence tending to show:

That the defendant was the attorney for the Pattersons; that his clients presented a Warranty Deed to the plaintiffs at 2 p.m. in accordance with the Sales Agreement, and that the plaintiffs refused to accept it; that the defendant was informed of certain discrepan-

cies on 1 September 1971; that the defendant denied any discrepancies; that the land in question contained only 65.8 acres with an average acre land value of only $300. instead of 75+ acres divided into 58 lots with a value of $2,000 per lot as advertised; that an abutting owner disputed the description and boundaries of the land; that there were other discrepancies; that the sellers and the buyers met at the Registry of Deeds, Fryeburg, Maine, at approximately 1:30 p.m.; that certain discrepancies were pointed out to the sellers; that the sellers refused to discuss these discrepancies; that sometime after 2:00 p.m. a Mr. Hastings, attorney for the Pattersons, arrived at the Registry of Deeds, and when advised that the buyers questioned the Deed, he left with the sellers; that the buyers left the Registry of Deeds at approximately 3 p.m., that the sellers conveyed the property to their son at 3:50 p.m. on 20 September 1971; that the Sales Agreement contains no forfeiture of payment or liquidated damage clause.

The court sustained defendant's answer in abatement and overruled plaintiffs' demurrer.

Attached to the report is a certificate of the justice that he is of the opinion that the decision and the matter involved herein so affects the merits of the controversy that it ought in justice be determined by the Appellate Division before further proceedings in the case are heard.

In his answer in abatement, the defendant first alleges that this action is for the same cause of action as an action which is pending in the State of Maine.

As stated in *Stahler* v. *Sevinor,* 324 Mass. 18, 23: "A court of law will not permit a defendant to be vexed by two actions of law, for the same cause, in the same jurisdiction, by the same plaintiff, and ordinarily will order an abatement of the second action." See also, *Beauregard* v. *Capitol Amusement Co.*, 301 Mass. 142, 144.

Neither the parties nor the cause of action are the same in the instant action as in the action pending in the State of Maine. The action pending in the State of Maine was brought by these plaintiffs, the prospective buyers under a real estate agreement, against the prospective sellers, Mr. and Mrs. Patterson; it alleges fraud in the transaction, sounding in tort. To that action the Pattersons filed a counterclaim against the plaintiffs, alleging breach of contract and damages and denying "that a thousand dollars was paid to them". The instant action is brought in contract against the escrow depositary for the return of plaintiffs' deposit.

The test of another action pending is not whether the matters stated grew out of the same transaction, but whether proof of one would support the other. *Harlow* v. *Bartlett,* 170 Mass. 584, 592. *Sherman* v. *Werby,* 280 Mass. 157.

It seems clear that the causes of action in the two actions are not the same, nor substantially the same and, further, that this defendant would not be bound by a judgment rendered in the Maine action since he is not a party thereto. *Massa* v. *Stone,* 346 Mass. 67, 72-74.

In any event, it is settled that the pendency of litigation in another jurisdiction is not good ground for abating litigation here, even if the litigation is between the same parties and for the same cause. *A fortiori,* it is not good ground where the parties and the causes of action differ in the two actions. *Newell* v. *Newton,* 10 Pick. 470. *H. C. Miner Litho. Co.* v. *Wagner,* 177 Mass. 404. *Fitch* v. *Whaples,* 220 A.2d 170 (Me.) (1966). Cf. *Solomon* v. *Continental Insurance Co.,* 261 Mass. 360, 362.

The defendant also contends that there is a non-joinder of party defendants, alleging that his liability, if any, is joint with the Pattersons as their attorney. The defendant filed no brief and no Massachusetts authorities have been brought to our attention which support defendant's contention.

According to the report, the provision with respect to the escrow of the deposit money was "that the defendant was instructed by both parties to hold the deposit until the Warranty Deed on the property was delivered to the plaintiffs on 20 September 1971 or in the alternative return the deposit to the plain-

tiffs." The warranty deed was not delivered to the plaintiffs on that date and the contract cannot now be performed because the sellers, Mr. and Mrs. Patterson, have conveyed the property to a third person.

There was no contractual provision in the agreement for a forfeiture of the money deposited with the defendant, or for liquidated damages, and he still has it in his custody. The principal issue at the trial of this action would be whether or not the plaintiffs are entitled to a return of their deposit, not which of two opposing claimants are entitled thereto. While the Pattersons may be necessary defense witnesses at the trial, or even proper parties to the action, we hold that they are not necessary parties to this action. *J.&V. Liberty, Inc.* v. *Columbia Trust & Savings Bank,* 254 P. 1016, 121 Or. 289 (1927). *Nobles* v. *Moseley,* 70 S.E. 2d 247; 221 S. C. 266 (1952). *Ossinsky* v. *Nance,* 118 So. 2d 47 (Fla.) (1960). Cf. *Oppenheim* v. *Colten,* 291 Mass. 234.

Assuming *arguendo* that the sellers might have asserted a forfeiture of all or part of the deposit money, or that it might have been subject to other claims of the sellers, that subject was not before the trial court.

The defendant has not availed himself of impleader (G.L. c. 231, § 4B) to protect himself against any claim of the Pattersons in the premises, and it does not appear that any effort was made by the defendant to have the

Pattersons made a party to this action for the purpose of protecting their interests, if any, in the subject fund. Nor have the Pattersons sought to protect their interests by intervention or otherwise.

The decision of the trial judge in sustaining the answer in abatement was error. An order is to be entered overruling the answer in abatement, and the case is remanded to the District Court for further proceedings.

SAVAS HANTZES

    for Plaintiffs

JAMES R. McMAHON, JR.

    for Defendant