BALTHROP et al,
*Appellants,*

*v.*

BERRYMAN et al,
*Respondents.*

(16-87-08089; CA A48385)

772 P2d 955

Steven C. Yates, Eugene, argued the cause for appellants. With him on the brief was Lyle C. Velure, Eugene.

Patrick Rothwell, Portland, argued the cause for respondent Richard Berryman. With him on the brief was Hallmark, Keating & Abbott, P.C., Portland.

John R. Barker, Portland, waived appearance for respondent Lake Aircraft.

Brian D. Stine, Eugene, waived appearance for respondents Consolidated Aeronautics, Inc., and Aerofab, Inc.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs filed a complaint for wrongful death against defendant Berryman, as personal representative, and three corporate defendants. The complaint did not allege that plaintiffs had presented a claim to the personal representative of the estate or that such a claim had been disallowed. Defendant filed a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A(8). He argued that presenting a claim to the personal representative is a condition precedent to filing a civil action against the personal representative. ORS 115.325.[1] The trial court granted defendant's motion and entered an ORCP 67B judgment.[2] Plaintiffs appeal. We affirm.

■ Plaintiffs argue that the trial court erred in dismissing their complaint and instead should have abated the action until the claim was presented to the personal representative. They rely upon *Stevens v. Scanlon,* 248 Or 229, 430 P2d 1019 (1967). In *Stevens,* the defendant personal representative argued that ORS 12.220, which allows a new claim to be brought after the statute of limitations expires if the previous claim was brought within the Statute of Limitations, was inapplicable because the trial court did not have jurisdiction of the initial claim. The reason for the lack of jurisdiction, according to the defendant, was that the plaintiff had not first submitted her claim to the estate. The court rejected that argument and cited *Fay v. McConnell,* 229 Or 128, 131, 366 P2d 327 (1961), for the proposition that the presentation of a claim to the personal representative and the rejection of that claim were not jurisdictional but a matter of abatement only. In *Fay,* the court held that a failure to file a claim with the personal representative was not a jurisdictional defect and that objections must be raised by demurrer or a plea in abatement; otherwise the objections are waived. Neither *Stephens* nor *Fay* stands for the proposition that filing a claim with the estate is not a condition precedent to the bringing of a court action.

---

[1] ORS 115.325 provides, in relevant part:

"No action against a personal representative shall be commenced until the claim of the plaintiff has been presented to the personal representative and by the personal representative disallowed."

[2] Judgment was entered only in favor of defendant Berryman.

Here, in contrast to *Fay,* defendant filed a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim. The issue is not one of jurisdiction of the court over the parties or the subject matter, but of the sufficiency of the complaint. We read ORS 115.325 to require that a complaint against a personal representative allege that a claim was presented to the personal representative and denied. *See Meissner v. Murphy,* 58 Or App 174, 647 P2d 972 (1982). Because plaintiffs failed to allege that a claim was presented to defendant and denied, the trial court did not err in granting defendant's motion to dismiss for failure to state a claim.

Affirmed.