In the Matter of the Estate of
Elizabeth Jane Thomas, Deceased.

Elizabeth Jane THOMAS,
by and through
Agnes M. Petersen, Personal Representative
of the Estate of Elizabeth Jane Thomas,
*Respondent,*

*v.*

STATE OF OREGON,
by and through
SENIOR AND DISABLED SERVICES DIVISION,
*Appellant.*

(5096; CA A75479)

860 P2d 897

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Robert P. Van Natta argued the cause for respondent. With him on the brief was Van Natta & Petersen.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

The state appeals an order approving the final accounting for an estate. We affirm.

The state made $21,733.10 in medical assistance payments to the decedent. ORS 414.105(2) authorizes the state to recover medical assistance payments from the recipient's estate.[1] Accordingly, in 1982, the state filed a liquidated claim against the decedent's estate for $21,733.10. Because the estate consisted of a small cash balance and periodic income from real property, the state's claim was paid in installments over nine years.

In 1991, when $21,733.10 had been paid, the personal representative filed a final account and requested a decree of final distribution to the decedent's heir. The state filed an objection to the final accounting, alleging that it was entitled to an additional $13,466.99, representing interest that had accrued on the claim during the repayment period. The trial court denied the state's claim for interest and approved the final accounting.

At issue is the state's right to collect interest on a claim against an estate when the state did not make a claim for interest until nine years after the claim period had closed. We review for errors of law.

ORS 115.055 specifies that,

"[i]f a claim on a debt due is presented and allowed, allowance shall be in the amount of the debt remaining unpaid *on the date of the allowance.*" (Emphasis supplied.)

Implicit in ORS 115.055 is the idea that the claim is for a liquidated amount. The procedure for allowing claims also envisions that a personal representative must be able to ascertain liquidated claims, which can be balanced against the estate's assets. *See generally* ORS chapter 115.

---

[1] ORS 414.105(2) provides, in part:

"Medical assistance pursuant to ORS 411.405 and this chapter paid on behalf of an individual who was 65 years of age or older when the individual received such assistance may be recovered from the estate, or if there be no estate the estate of the surviving spouse, if any, shall be charged for such aid paid to either or both * * *."

In 1982, during the claims period, the state represented that the amount of the debt remaining unpaid was $21,733.10. The claim was allowed in that amount, and the claim period closed. The state knew that the $21,733.10 would be paid in installments over a period of years. Any claim that it was entitled to interest while the debt was paid should have been presented so that the personal representative could have allowed or disallowed it. ORS 115.135.

The state relies on *In re Richter's Estate*, 181 Or 360, 175 P2d 997, 181 P2d 133, 182 P2d 378 (1947), for the proposition that a creditor can recover interest on claims against an estate. However, there is no support in that case for the state's attempt to recover interest when interest was never claimed. The state also relies on ORS 82.010(1)(a), which establishes a statutory rate of interest "on all moneys after they become due." Assuming that ORS 82.010(1)(a) applies, the state never explains why it is entitled to statutory interest that was not claimed and allowed. *See* ORS 115.055.

We do not consider the state's arguments concerning whether it is entitled to interest on a claim for reimbursement of medical assistance payments under ORS 414.105. Nothing in that statute indicates that the state is entitled to interest when it has not included a request for interest in its claim for reimbursement.

Affirmed.