Argued and submitted May 12, resubmitted August 4, decision of the Court of Appeals reversed; judgment of the circuit court reversed; case remanded to the circuit court August 11, reconsideration denied September 20, 1994

In the Matter of the
Estate of Elizabeth Jane Thomas, Deceased.

Elizabeth Jane THOMAS,
by and through
Agnes M. Petersen, Personal Representative of
the Estate of Elizabeth Jane Thomas,
*Respondent on Review,*

*v.*

STATE OF OREGON,
by and through
SENIOR AND DISABLED SERVICES DIVISION,
*Petitioner on Review.*

(CC 5096; CA A75479; SC S40999)

878 P2d 1081

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause on behalf of petitioner on review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert P. Van Natta, St. Helens, argued the cause on behalf of respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

UNIS, J.

Fadeley, J., dissented and filed an opinion.

## UNIS, J.

Elizabeth Jane Thomas (decedent) died on October 21, 1981. On March 8, 1982, decedent's will was admitted into probate. The personal representative published the first notice to interested persons on March 18, 1982. The Adult and Family Services Division (the state) presented a claim against the estate to the personal representative. The claim was for $21,733.10 as reimbursement of medical assistance payments made on behalf of the decedent for her care. *See* ORS 414.105 (providing remedy). The state's claim did not include a demand for interest. The personal representative allowed the claim.

The only assets of the estate were a small cash balance and a land sale contract with a balance owing to the estate of $28,542.79 that provided periodic income. The liquid assets of the estate were insufficient to cover the state's entire claim. Beginning in 1982, the estate made periodic payments to the state. Between 1984 and 1990, the personal representative filed six annual accounts. In March 1986, the personal representative filed the second annual account. That account reported that the estate had made payments to the state totalling $9,000.00 and that the balance remaining on the state's claim was $12,733.10. The state wrote a letter to the personal representative asserting that the second annual account contained an error because it failed to

"take into consideration the fact that the claim of the [state] is entitled to 9% interest and therefore, a portion of the $9,000.00 paid to date, has been applied to interest, leaving the principal balance * * * at $17,902.11, rather than the amount shown on the [account] of $12,733.10."[1]

The personal representative's lawyer responded with a letter that acknowledged the state's concerns. The letter stated: "As you know, [the state's] claim did not include a claim for

---

[1] The state's letter made reference to a letter that the state had sent to the personal representative's lawyer on December 15, 1982, advising him "of the fact that the [state's] claim would be entitled to interest at the rate of 9% per annum from the date of the letter, if the claim was not paid in full at that time." The December 15, 1982, letter is not in the record. Therefore, for our review, the earliest notice given by the state to the personal representative concerning interest on the state's claim upon which the state can now rely was the one given on April 3, 1986.

interest and there is no statutory authority for allowing any interest."

After nine years, the installments paid to the state totalled $21,733.10. In each annual account, the personal representative characterized money paid to the state as payments on the principal of the state's claim and did not mention interest.[2] The state, in its ledger tracking payments and in receipts issued to the personal representative, applied each payment to both principal and interest.

In November 1991, the personal representative filed the final account and petition for judgment of final distribution. The final account stated that "all of [the state's claim] had been paid." The state objected to the final account, claiming that it was entitled to interest on its claim from the time the claim was presented to the personal representative. The state asserted that a portion of the $21,733.10 paid to the state was properly allocated to interest. Consequently, the state contended that "the [s]tate's claim has not in fact been paid in full. There is a balance still due and owing as of June 11, 1991, in the approximate principal amount of $13,466.99, and accrued interest thereon of $511.38."

The trial court rejected the state's argument that it was entitled to interest, and it approved the final account. The Court of Appeals affirmed the trial court's ruling. *Thomas v. Senior and Disabled Services Div.*, 124 Or App 45, 860 P2d 897 (1993). The Court of Appeals held that, because the state had not filed a claim for interest during the claims period in 1982, the state was precluded from recovering any interest to which it may have been entitled: "Any claim that [the state] was entitled to interest while the debt was paid should have

---

[2] In the third annual account, the personal representative addressed the dispute with the state about interest. The account stated:

"There appears to be a dispute brewing with the State of Oregon over the amount of their claim. The State intermittently asserts that they are entitled to interest at 9%; however, the personal representative notes that the State did not file a timely claim for interest; and since there is no statutory authority for paying interest on a claim under any circumstances, and most particularly where no claim for it is made in a timely fashion, the personal representative presumes a dispute is brewing over the issue; and if the State is correct in their assertion that they can extract interest out of the estate under these circumstances, then in that event the balance owing the State is somewhat more than the amount set forth in this [account]."

been presented [during the claims period] so that the personal representative could have allowed or disallowed it." *Id.* at 48.[3] We allowed the state's petition for review and now reverse the decision of the Court of Appeals and the judgment of the circuit court.

■    In the absence of a contractual right to collect interest, the right to collect interest must be found in statutes. *Mayer/Kleinknecht v. Bassett*, 263 Or 334, 348, 501 P2d 782 (1972). The state's claim against the estate is based on ORS 414.105(2), which provides in part:

> "Medical assistance pursuant to [state and federal medical assistance programs] paid on behalf of an individual who was 65 years of age or older when the individual received such assistance may be recovered from the estate * * *."

ORS 414.105(2) does not expressly provide for interest on a claim for reimbursement of medical assistance payments. Nor does any other provision of ORS chapter 414 provide a statutory right to interest on a claim against an estate for reimbursement of medical assistance payments.

Nevertheless, the lack of an express provision of interest in ORS 414.105(2) does not preclude the state from collecting interest. ORS 82.010(1) is the general interest statute and provides in part:

> "The legal rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and *is payable on*:
>
> "(a)  *All moneys after they become due*; but open accounts bear interest from the date of the last item thereof." (Emphasis added.)

ORS 82.010(1)(a) is unambiguous and provides a statutory right to interest on all moneys after they become "due."

■    We cannot identify any principled basis for excluding moneys "due" from an estate from the general statutory right to collect interest on all moneys after they become "due." *Cf. In re Richter's Estate*, 181 Or 360, 175 P2d 997,

---

[3] The Court of Appeals expressly did not consider whether the state would be entitled to interest if it had included a request for interest in its claim for reimbursement. *Thomas v. Senior and Disabled Services Div.*, 124 Or App 45, 48, 860 P2d 897 (1993).

181 P2d 133, 182 P2d 378 (1947) (utilizing procedure in statutory predecessor of ORS 82.010(1)(a) in awarding interest on a claim against an estate). Thus, in the absence of an expressed legislative intent to the contrary, ORS 82.010(1)(a) provides a right to interest on all moneys after they become due, whether they are due from an estate or from any other debtor.

The personal representative argues that, in considering the context of two other specific statutes, we should not read ORS 82.010(1)(a) to provide a statutory right to interest on a claim for reimbursement of medical assistance payments under ORS 414.105(2). In essence, the personal representative argues that the specific statutes regarding the reimbursement of medical assistance payments control the general right to interest under ORS 82.010(1)(a). *See* ORS 174.020 (when two statutory provisions are inconsistent, the specific controls the general).

The first statute on which the personal representative relies is ORS 411.620(1), which provides:

> "The division may prosecute a civil suit or action against any person who has obtained, for personal benefit or for the benefit of any other person, any amount or type of general assistance or public assistance * * *, in violation of [certain statutes]. In such suit or action the division may recover the amount or value of such general assistance or public assistance so obtained in violation of [certain statutes], *with interest thereon*, together with costs and disbursements incurred therein." (Emphasis added.)

The personal representative argues that ORS 411.620(1) demonstrates that the legislature knew how to write a statute that expressly provides for the accrual of interest on the recovery of public assistance and that the failure to expressly provide for the accrual of interest in ORS 414.105(2) indicates a legislative intent to exclude interest. This argument is not persuasive.

The interest allowed in ORS 411.620(1) is interest accruing from the time of wrongful payment. The interest accruing under ORS 82.010(1)(a) is interest accruing from the time money becomes "due." Money recovered under ORS 411.620(1) would not be "due" to the state until at least the time when the state demands repayment. Thus, ORS

411.620(1) indicates a legislative intent to have interest accrue *earlier* than interest ordinarily would accrue under ORS 82.010(1)(a). To the extent that the exclusion of an express provision for interest in ORS 414.105(2) indicates an intent to exclude interest on the state's claim, it excludes the accrual of interest only from the time that the medical assistance was initially paid until the time that the money becomes "due." Any implicit exclusion of interest from the time of payment of medical assistance under ORS 414.105(2) is not inconsistent with the accrual of interest under ORS 82.010(1)(a) after the reimbursement of medical assistance becomes "due."

The second statute that the personal representative asserts is inconsistent with the general statutory right to interest is ORS 115.125(1), which provides in part:

"If the applicable assets of the estate are insufficient to pay all expenses and claims in full, the personal representative shall make payment in the following order:

"* * * * *

"(h) The claim of the Adult and Family Services Division for the net amount of public assistance, as defined by ORS 411.010, paid to or for the decedent * * *."

Public assistance includes the benefits at issue in this case. *See* ORS 411.010(3) (defining "public assistance" to include "medical assistance"). The personal representative contends that because ORS 115.125(1)(h) refers to the "*net* amount of public assistance" (emphasis added), the legislature did not intend to provide for interest on a claim for reimbursement of medical assistance payments. We disagree.

ORS 115.125(1)(h) provides priority for the "*claim* * * * for the net amount of public assistance.*" (Emphasis added.) ORS 115.055 provides that, "[i]f a claim on a debt due is presented and allowed, allowance shall be in the amount of the debt unpaid on the date of allowance." Similarly, ORS 115.075 provides in part that "[a] claim on a debt not due * * * may be presented as a claim on a debt due. If the claim is allowed, allowance shall be in an amount equal to the value of the debt on the date of allowance." By referring to the "net amount of assistance," ORS 115.125(1)(h) makes clear that the state is not entitled to file a claim against the estate for

more than the amount of assistance actually paid to or on behalf of the decedent, although the value of the claim could be more than the net amount of assistance paid.

The phrase "claim * * * for the net amount of public assistance" is a recognition that the amount of the state's claim may reflect various deductions taken from the gross amount of assistance received by a decedent. For example, under ORS 414.105(2), the state can recover only medical assistance payments paid on behalf of an individual "who was 65 years of age or older when the individual received such assistance." In addition, the state cannot recover medical assistance payments paid to the decedent "to the extent that the need for aid resulted from a crime committed against the [aid] recipient." ORS 414.105(3). The state's claim for the net amount of assistance will, therefore, reflect the gross amount of assistance paid, less any deduction for amounts of aid not recoverable under those various exclusions. Thus, the limitation on the amount of the state's initial claim against the estate in ORS 115.125(1)(h) is not inconsistent with the general right to interest under ORS 82.010(1)(a). The general right to interest in ORS 82.010(1)(a) is not superseded by any specific statutes applicable to this case.

Applying ORS 82.010(1)(a) to moneys "due" from an estate is consistent with the context of the probate code. The probate code establishes a procedure by which the personal representative collects assets, gathers claims, and pays those claims as quickly as possible. Applying ORS 82.010(1)(a) in this case furthers, and in no way hinders, this procedure. The probate code contemplates a quick and final settlement of estates, with claimants being paid off immediately. *See* ORS 115.075 (claims for debts not yet due may be presented and allowed at their present value, facilitating settling the estate before future debts become due); ORS 115.005(4) ("[c]laims not presented within two years of the death of the decedent or within the applicable statute of limitations, *whichever is earlier*, are barred") (emphasis added).

The accrual of interest under ORS 82.010(1)(a) furthers that identified legislative intent by encouraging personal representatives to pay claims quickly. When an estate has insufficient liquid assets to pay immediately in a lump sum a claim on moneys "due," but the estate has

income-earning assets that over time will be sufficient to satisfy the claim, the personal representative has a choice between (1) liquidating the income-producing asset and paying off the claim immediately, *see* ORS 114.325 (personal representatives have the authority to sell property of the estate), or (2) paying off the claim over time, with interest at the statutory rate. If the personal representative is unsure which course to take, the personal representative can seek guidance from the court. *See* ORS 114.275 (providing procedure). Nothing in the probate code indicates that the legislature intended to preclude the accrual of interest if the personal representative chooses to pay a claim in installments over time, rather than in a lump sum immediately.

We conclude that the state has a substantive right to interest under ORS 82.010(1)(a) on its claim against the estate for reimbursement of medical assistance payments after the claim became "due."

Interest accrues under ORS 82.010(1)(a) on moneys only "after they become due." We must next consider when the money owed the state for reimbursement of medical assistance payments became "due." In *United Farm Agency v. McFarland*, 243 Or 124, 133-34, 411 P2d 1017 (1966), this court stated: "[ORS 82.010(1)] imposes a duty to pay interest only in those cases in which the law recognizes a duty to pay a certain sum at a certain time and such a payment has not been made." We must therefore determine at what time the law recognizes that the personal representative had a duty to pay the state's claim.

ORS 414.105(2) provides in part that certain medical assistance payments

> "*may be recovered* from the estate, or if there be no estate the estate of the surviving spouse, if any, shall be charged for such aid paid to either or both. However, claim for such medical assistance correctly paid to the individual *may be established* against the estate. There shall be no adjustment or recovery thereof until after the death of the surviving spouse, if any, and only at a time when the individual has no surviving child who is under 21 years of age or who is blind or permanently and totally disabled." (Emphasis added.)

Under that statute, until the state makes a claim against the estate, the personal representative has no obligation to pay

the claim. The moneys are not "due" at least until the state's proper demand.

The state argues that interest begins accruing from the date of demand, the date it filed its claim against the estate. We disagree. ORS 115.115 provides in part:

> "After the day on which all known claims are barred under ORS 155.005(2), the personal representative * * * shall proceed to pay the claims allowed against the estate in the priority prescribed by ORS 115.125."

The personal representative has no duty to pay the state's claim before the time provided in ORS 115.115. Therefore, the moneys are not "due" until at least that time.

■ ORS 115.185 provides that a creditor whose claim has been allowed can seek an order requiring payment of the claim "within six months after the date of the first publication of notice to interested persons." Thus, the law recognizes the personal representative's duty to pay the state's claim as of that date. The state's claim for reimbursement of medical assistance payments became "due" six months after the date of the first publication of notice to interested persons.

■ Statutory interest can be recovered only when the right to it has been properly invoked, however. The probate code contains special procedures that govern all probate matters. ORS 111.015(2). The remedy of statutory interest under ORS 82.010(1)(a) on moneys after they become "due" applies to the probate code, but only through those procedures specifically provided in the probate code. We now consider whether the state invoked the proper procedure in this case to establish its right to such interest.

■ The Court of Appeals held that the state was not entitled to recover interest in this case because the state never presented a claim for interest to the personal representative during the claims period. Any claim not presented in a timely manner is barred. ORS 115.005(4). For the following reasons, we conclude that the Court of Appeals erred in treating the state's assertion for statutory interest as a "claim" against the estate.

As used in the probate code, " '[c]laim' includes liabilities of a decedent, whether arising in contract, in tort or

otherwise." ORS 111.005(7). The state's right to interest is compensation from the estate for the loss over time of the value of the money owed to the state. As noted, that right to interest did not accrue until the personal representative failed to pay the state's claim in full by the date required under ORS 115.185. The state's right to interest is a liability incurred by the estate, not a liability of the decedent. Therefore, the state's right to collect interest in this case is not a "claim," as that term is used in the probate code.

That conclusion is supported by the context of the probate code. The amount in which a claim is allowed is determined on the date of allowance. ORS 115.055; ORS 115.075. The state's right to interest on its claim did not accrue until the claim had been allowed and not paid promptly by the personal representative. Because no interest was owing on the date of allowance, it was unnecessary and irrelevant for the state to present a claim for such interest that had not accrued and, indeed, if the state's claim were paid promptly, never would accrue. The state was not required to present a claim for interest to the personal representative during the claims period.

■■    The question remains whether the state, when it finally did assert its right to an award of interest, did so in a timely manner. Generally, a party must include a demand for interest in its pleadings to be entitled to an award of interest on a legal claim. *Lithia Lumber Co. v. Lamb*, 250 Or 444, 447, 443 P2d 647 (1968). That salutary rule is more difficult to apply in the context of probate matters than in other contexts because no particular pleadings or forms thereof are required in probate. ORS 111.205. We believe, however, that the informality of the probate process calls for a liberal application of the *Lithia* rule. Here, the state demanded interest on a debt that was then "due" in its objection to the final account. We believe that was sufficient to satisfy the *Lithia* requirement that a party seeking interest must demand interest in its "pleadings."

The personal representative argues that the state was precluded from asserting its demand for interest at the final account. The personal representative relies on ORS 115.185, which provides:

"A creditor whose claim has been allowed or established by summary determination or separate action, and who has not received payment within six months after the first publication of notice to interested persons, may apply to the court for an order directing the personal representative to pay the claim to the extent that funds are available for that payment."

The personal representative argues that a proceeding under ORS 115.185 was the state's exclusive remedy if it was aggrieved by the delay in the payment of its claim. ORS 115.185 clearly provides a remedy for a creditor who is aggrieved by a failure to receive payment by the personal representative. Nothing in that section indicates that an action under ORS 115.185 is an exclusive remedy, however, or that a failure to bring such an action precludes a creditor from objecting to a final account on the basis that its claim had not been paid in full.

The state objected to the final account on the basis that its claim had not been paid in full. The final account stated that "all of [the state's claim] had been paid." ORS 116.103 provides in part:

"Any person entitled to notice under ORS 116.093 may, within the time fixed for the filing, file in the estate proceeding objections to the final account and petition for distribution, specifying the particulars of the objections."

A creditor is entitled to object to a final account on the ground that it has not been paid in full. We conclude that the state's actions in this case were sufficient to meet the rule of *Lithia Lumber Co. v. Lamb, supra.*[4]

The state was entitled to interest at the statutory rate on moneys due but not paid, beginning six months after the first date of publication of notice of interested persons. ORS 115.185. Consequently, the state's claim against the estate has not been paid in full. The trial court erred in approving the final account.

---

[4] Because the text and context of the statutes, including decisions interpreting those statutes, resolve the issues in this case, we need not consider the legislative history of the statutes or other aids to statutory construction. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993) (stating methodology).

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed. This case is remanded to the circuit court.

**FADELEY, J.,** dissenting.

I have no objection to interest being due on open accounts. But the claims procedure must be used to get it, in my opinion.

The decedent's estate in this case was opened in 1982. A claim for expenses of last illness of $21,733.10 was submitted. No interest was claimed. The claim was allowed as submitted, with no interest. The asset of the estate available to pay the claim was payments to be received on an installment payment contract. Money from payments received was then paid on the last illness expenses under the allowed claim.

The creditor accepted these installment payments for several years; annual accounts were filed showing that all payments were applied to the principal of the original $21,733.10 and that no interest was owing. The creditor made no objection to the first annual account showing that all payments were being applied to the principal.

In the fourth year of the estate, 1986, the creditor wrote the personal representative stating that interest was not shown as due on the most recent annual account. In that account, all prior payments were shown to have reduced principal and no interest was shown as a debt or liability. No objection was filed with the court. The personal representative wrote back that interest had not been claimed, at the time the claim was filed and allowed, and that no interest was due or payable. Thereafter, no objection was filed to that account or to the several succeeding annual accounts also showing that all payments reduced principal only and that no interest was due. No other effort to resolve the interest question was made or presented to the court. After these additional annual accounts were filed without objection, the principal amount of the debt stated in the allowed claim was finally paid. The final account was filed showing it paid in 1992. The creditor then filed an objection to the final account, contending that over $13,000 was still owed on principal and that over $500 was also due for that year's annual interest. That difference resulted from the creditor acting on its assertion that interest

was due from 1982 forward and the creditor's method of accounting for payments received to apply all moneys received to such interest before any was applied to reduce the principal amount of the debt.

The case comes to us as an appeal from the probate court's order denying the objection. The sole issue before us is whether interest neither claimed nor allowed was nonetheless silently accruing as an unstated obligation against the decedent's estate representative in this 12-year-old estate. The majority's answer that it does accrue, although unclaimed and unallowed, seems to me to fly in the face of the statutory procedure for settling claims in an estate.[1]

Turning to the relevant statutes in the probate code, we find that the statutes favor an early, and final, determination of the amounts that an estate owes. They favor prompt settlement of the estate. For example, ORS 115.185 provides:

> "A creditor whose claim has been allowed * * * and who has not received payment within six months after the date of the first publication of notice to interested persons, may apply to the court for an order directing the personal representative to pay the claim to the extent that funds of the estate are available for that payment."

That statute favors early and complete settlement of claims. It does not contemplate drawn-out probates with estates open for decades, paying interest.

ORS 115.055 relevantly provides, regarding claims:

> "[A]llowance *shall be* in the *amount of the debt* remaining unpaid *on the date of allowance.*" (Emphasis added.)

That statute also favors establishing with certainty the amount due at the time of claim allowance.

Statutes of limitations that bar claims related to estates signal the same policy of financial finality. ORS 115.005(4) provides:

---

[1] No issue of waiver or laches is before us. The circuit court and the Court of Appeals have ruled, as I would, that for interest to be payable, interest must have been claimed and allowed within the procedures in ORS chapter 115, and cannot be claimed now nine years after the estate was opened.

> "Claims not presented within two years after the death of the decedent or within the applicable statute[2] of limitations, whichever is earlier, are barred from payment from the estate."

And, ORS 115.205 provides:

> "A claim barred by the statute of limitations may not be allowed by the personal representative or by any court except upon the written direction or consent of those interested persons who would be adversely affected by allowance of the claim."

In ORS 115.145, the procedure for the holder of a disallowed claim is made clear. And, in ORS 115.155, the duty of the claimant to very promptly bring an action on a disallowed claim where no summary determination is requested is plainly spelled out. Both of those statutes use identical words to the express result produced by failure to follow the procedure after disallowance — "the claim, to the extent disallowed * * * is barred." ORS 115.145(2); ORS 115.155.

An informed commentator emphasizes the finality that is presently built into the probate code. Deras, 1989 *Oregon Probate Practice Legislation: Claims and Small Estates*, 26 Will L Rev 275, 282 (1990), states:

> "Together these two sections [ORS 115.004(5) and 115.005(4)] leave a creditor no remedy after two years from the date of the debtor's death."

He also notes that even "[a] judgment creditor now will be required to follow the procedures set forth in ORS 115.185 to collect the judgment if the personal representative fails to pay it." *Id.* at 286.

The majority overlooks the significance of the fact that the probate code imposes on the estate no duty to pay more than is available.

---

² ORS 115.215 extends statutes of limitations that had not run on the date of death of the decedent until at least one year after the date of death.

An action against a recipient of funds from an estate was dismissed where the claimant failed to exercise statutory rights against an estate. *First Interstate Bank v. Haynes*, 73 Or App 714, 699 P2d 1168 (1985). Failure to allege that a claim was presented and denied was fatal to an independent action on an unsecured claim. *Balthrop v. Berryman*, 96 Or App 354, 772 P2d 955 (1989).

When the government pays the medical and hospital expenses of last illness of a person not otherwise receiving public assistance, it pays those expenses because the person, now deceased, was as to those expenses medically indigent or "needy" and over age 65. ORS 414.105(2). Payment is an act of largesse mandated by the legislature to spread these high costs of the aged among all the citizenry.

The statute providing for "recovery" of the government's payment of costs of last illness to the hospital and doctor from the estate of the aged, medically needy person, ORS 414.105(2), does not mention either debt or interest at all. It does require that a claim for the assistance "may be established" against the estate for any recovery. But that claim is a statutory one, not a goods and services or open account claim. The deceased never undertook to repay the public assistance that went to her medical care. The majority agrees that these costs were never the deceased's debt, but are purely an obligation of the estate, if claimed. The duty of the decedent's estate to pay the state for these costs of last illness exists, in my opinion, only to the extent of timely compliance with the claim procedure in ORS chapter 115.

A statute regulating actions against decedent's estates, ORS 115.325, in part provides:

> "[N]o action against a personal representative on account of a claim shall be commenced until the claim of the plaintiff has been presented to and disallowed by the personal representative."

Moreover, the two-year limitations period for claims — provided by ORS 115.005(4) and enforced by ORS 115.205 — ran long ago, even before the exchange of letters concerning interest in 1986. No claim can be brought or disallowed at this stage of the probate proceedings. Therefore, in the absence of a timely claim for interest, no "action * * * on account of a claim [for interest] shall be commenced." ORS 115.325.

I have no objection to the holding that interest is due at the statutory rate on open accounts owed by an estate or that, had it been claimed, interest could have been allowed as part of the original, timely claim for expenses of last illness of the medically needy. Holding that open accounts draw interest is not remarkable. However, the estate administration

statutes require that claims be submitted promptly, and to me that includes a claim for interest, *see Lithia Lumber Co. v. Lamb*, 250 Or 444, 447, 443 P2d 647 (1968) (interest may be collected only if in the pleadings). The administration statutes also require that any dispute be settled promptly. Neither occurred in this case, under the majority result. Accordingly, I dissent.

I would hold that the obvious statutory policy of certainty and finality settles the question whether interest that was not claimed was nonetheless payable, and that the statutes of limitations for an informed creditor also settle the matter of whether a claim could be filed so late as the state has sought interest here, *i.e.*, in the tenth year after death and the ninth year of the estate's existence. I would hold that each question is settled, independently, in favor of the estate. No interest is lawfully recoverable at this stage of this 1982 estate.

I dissent from the majority's holding that the opposite result is proper and that a claim for interest may be made by objections to a final account after the statute of limitations for making claims has run. I would affirm the trial court and the Court of Appeals.